UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 3 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

ROBERT J. FAHL,

      Plaintiff - Appellant,

V.

GORDON R. ENGLAND, Secretary of
the Nav.

      Defendant - Appellee.

No.  04-16713
D.C. No.  CV-02-00573-HG/LEK

**JUDGMENT**

      Appeal from the United States District Court for the District of Hawaii
(Honolulu).

      This cause came on to be heard on the Transcript of the Record from the
United States District Court for the District of Hawaii (Honolulu) and was duly
submitted.

      On consideration whereof, it is now here ordered and adjudged by this
Court, that the judgment of the said District Court in this cause be, and hereby is
**AFFIRMED**.

Filed and entered 12/02/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 2 4 2006

by: _____
      Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

**DEC 02 2005**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT J. FAHL, | No. 04-16713 |
| Plaintiff - Appellant, | D.C. No. CV-02-00573-HG/LEK |
| v. | |
| GORDON R. ENGLAND, Secretary of the Navy, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted November 22, 2005
Honolulu, Hawaii

Before: BRIGHT**, McKEOWN, and CLIFTON, Circuit Judges.

Plaintiff Robert Fahl brought an action against his employer, the United

States Navy, for age and race discrimination and retaliation under the ADEA and

---

\*      This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

Title VII of the Civil Rights Act, claiming that his employment as an interior designer was terminated based on such impermissible motives. Applying the burden-shifting analysis developed by the case law under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the District Court granted summary judgment for the Navy on each of Fahl's claims. Because Fahl failed to meet his evidentiary burdens under the *McDonnell Douglas* burden-shifting framework, we affirm.

With regard to the discrimination claims, Fahl was able to establish a prima facie case of age and race discrimination, which carries only a minimal evidentiary burden, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994), through evidence of several incidents involving derogatory remarks. In response, the Navy had the burden of rebutting the presumption of discrimination by articulating a legitimate explanation for the employment decision. *McDonnell Douglas,* 411 U.S. at 801. The Navy put forth evidence that Fahl's reduction in force was made pursuant to a reorganization of their design resources, a result of which included elimination of a separate design department at NAVPAC. The burden then shifted back to Fahl to demonstrate that the proffered explanation was pretext for discrimination. We agree with the District Court that he failed to meet this burden.

2

To establish pretext, a plaintiff must do more than deny the credibility of the employer's witnesses. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000). When an employer has offered legitimate business reasons for its actions, to avoid summary judgment, the nonmoving party must present evidence of pretext that is "specific" and "substantial" to create a triable issue. *Fielder v. UAL Corp.*, 218 F.3d 973 (9th Cir. 2000). The only evidence Fahl offers to undermine the Navy's explanation for his termination is that the explanation was offered by the same people Fahl claims discriminated against him, and that there was a continuing emphasis on the importance of interior design within the Navy.

The first piece of evidence is insufficient under *Coleman*, 232 F.3d at 1282, and the evidence regarding the importance of design in general does nothing to undermine the Navy's explanation of the reorganization of its design facilities and centralization in the Southwest Division at San Diego. Fahl was never replaced by another employee, nor was the other designer whose job was also eliminated. Fahl's previous responsibilities were never taken on by another employee. Fahl introduced no specific or substantial evidence to show a continuing need for his position, and as a result this claim was properly rejected.

Fahl also failed to establish a prima facie case of impermissible retaliation under the discrimination statutes, because he was unable to show a causal link

3

between his protected activity (complaints about discrimination), and adverse employment action (his reduction in force). *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994). Fahl offered no evidence connecting his termination with his complaints. Even if he had established a prima facie claim here, it would ultimately fail under the burden to demonstrate pretext that doomed his discrimination claims. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 2 4 2006

by:
Deputy Clerk

4

INTERNAL USE ONLY: Proceedings include all events.
04-16713 Fahl v. England

ROBERT J. FAHL                     Venetia K. Carpenter-Asui, Esq.
        Plaintiff - Appellant     FAX 808/523-6727
                                   808/523-6446
                                   Ste. 812
                                   [COR LD NTC ret]
                                   V.K. CARPENTER-ASUI, LC
                                   Haseko Center
                                   820 Mililani St.
                                   Honolulu, HI 96813


        v.


GORDON R. ENGLAND, Secretary       R. Michael Burke, Esq.
of the Navy                        FAX 808/541-2958
        Defendant - Appellee       808/541-2850
                                   Suite 6-100
                                   [COR LD NTC aus]
                                   USH - OFFICE OF THE U.S.
                                   ATTORNEY
                                   PJKK Federal Building
                                   300 Ala Moana Blvd.
                                   P.O. Box 50183
                                   Honolulu, HI 96850